## Lee, Executor, *v.* Hoover.

[No. 10,059.    Filed November 6, 1919.    Rehearing denied
January 9, 1920.]

1. Limitation of Actions.—*Constructive Trusts.*—Statutes of limitation are applicable to constructive trusts. p. 129.

2. Limitation of Actions.—*Computation.—Accrual of Right of Action.—Constructive Trusts.*—A cause of action by a remainderman who was induced by his mother, the life tenant, through promises fraudulently made and not intended to be kept, and by her exercise over him of a dominating, undue influence, to convey his interest to her, was one for relief against fraud, which under §294 Burns 1914, §292 R. S. 1881, must be commenced within six years from its accrual, and it accrued at the time of the conveyance, nothwithstanding that the son had reason to and did believe that his mother would fulfill her promises. p. 129.

3. Limitation of Actions.—*Constructive Trusts.—Repudiation of Reversion.*—In an action to enforce a constructive trust, it is useless to urge that the action grew out of a relation of life tenant and remainderman, when this relationship, after a conveyance of the life tenant's interest to the life tenant, had been repudiated

by the latter, by a sale of the whole title in fee simple, regardless of the reversion, and the remainderman cannot, thirty years later, enforce a trust either in the lands or in the proceeds of the sale thereof.     p. 130.

From Monroe Circuit Court; *S. B. Lowe,* Special Judge.

Action by Fred P. Hoover against Henry A. Lee, executor of the will of Eliza J. Alexander, deceased, and others. From a judgment for plaintiff, the named defendant appeals. *Reversed.*

*Edwin Corr* and *Lee & Lee,* for appellant.

*Joseph E. Henley* and *George W. Henley,* for appellee.

NICHOLS, P. J.—This action was in the Monroe Circuit Court by the appellee against the appellant and others, who were legatees under the will of Eliza J. Alexander, deceased.

In the amended complaint it is charged that the appellee was the son of Eliza J. Alexander, whose name was formerly Hoover; that said parties in 1882 occupied the confidential relation of mother and son; that appellee was the owner in fee of certain real estate in Lafayette, subject to a life estate of said Eliza J. Alexander; that she induced appellee to convey his interest in said real estate to her in the year 1882 under the promise to hold the title for appellee, and that she would reconvey it to him or leave it to him by will; that appellee relied upon said promise and conveyed said real estate to his mother; that such conveyance was fraudulently procured by his mother, and by undue influence; and that at the time it was conveyed to her she did not intend to reconvey it to appellee, but that it was her intention fraudulently to cheat and defraud said appellee out of it; that

Eliza J. Alexander then and there took possession of said real estate as her own property and collected the rents and income therefrom until March 14, 1885, when, without the knowledge or consent of appellee, she sold and conveyed the real estate, appropriated the proceeds therefrom to her own use and benefit and, after said conveyance, she abandoned appellee and had little, if any, relations with him and did not assist him with money or other means, but totally disregarded him in so far as aiding him or assisting him to get along. It is further averred that said Eliza J. Alexander used the money and proceeds derived from the sale of said real estate to purchase other real estate, for her own expenses and living, and for divers other purposes to appellee unknown. Appellee believed that his mother would convey to him property of equal value to such property conveyed by him, pay to him the reasonable value of said property, or leave the appellee by bequest in her will half of her property, both real and personal. It is averred that the interest in said real estate so conveyed was of the total value of $6,000; that no settlement has been made with appellee by said Eliza J. Alexander in her lifetime, nor has such settlement been made with him by appellant as the executor of her will, and that the value of said property constituted a trust in her hands, and that the same is impressed upon her said estate in the hands of the appellant; that said Eliza J. Alexander did not will or bequeath half of her property to appellee, but that she failed to comply with her promises in that respect, and that appellee has never received any money or other thing of value as compensation for such conveyance.

After demurrer to the complaint, which was over-ruled, appellant filed his answer thereto in eight paragraphs, the first paragraph of which was a general denial. The second paragraph avers that the cause of action did not accrue within fifteen years next prior to the death of the said Eliza J. Alexander; the seventh paragraph avers that the cause of action did not accrue within six years next prior to her death; and the eighth paragraph avers that the cause of action did not accrue within twenty years next prior to her death. Appellee filed a demurrer to each of these paragraphs of answer, with memoranda to the effect that the Statute of Limitations does not apply to actions to declare a trust such as the one stated in the amended complaint. Appellee's demurrer was sustained to each of said paragraphs, to which ruling of the court the appellant at the time excepted. Reply in general denial was filed, and the cause was submitted to the court for trial without the intervention of a jury. There was a finding and judgment in favor of the appellee for $2,000, which said sum was declared a trust fund in the hands of appellant. From this judgment, after motion for a new trial was overruled, this appeal is prosecuted.

The errors assigned which we shall consider are the sustaining of appellee's demurrer to each the second, seventh and eighth paragraphs of appellant's amended answer.

It will be observed by the complaint that the fraudulent acts of appellee's mother consisted, not in failing to keep the promises which she made of 1-2. reconveying, or providing for him in her will, but in inducing him, while exercising an undue influence over him, to convey his real estate to her,

VOL. 72—9

fraudulently intending at the time not to reconvey to him or to make provision for him in her will; in other words, the fraudulent act with which she is charged was perpetrated at the time the conveyance was made to her in the year 1882. As stated in appellee's brief, the complaint proceeds upon the theory of a constructive trust, alleging as it does that appellee was persuaded and unduly influenced by his mother to convey his interest in real estate to her, without consideration, by the exercise of a dominating influential and confidential relation which she held over him. But it has been many times decided that the statutes of limitation are applicable to constructive trusts. *Terry* v. *Davenport* (1916), 185 Ind. 561, 112 N. E. 998. And the fact that appellee had reason to believe, and did believe, that his mother would fulfill her promises would not prevent the operation of such statutes. It is provided by §294 Burns 1914, §292 R. S. 1881, that actions for relief against fraud must be commenced within six years of the time when the cause of action accrued. Appellee's action accrued in the year 1882.

Appellant answered in one paragraph that appellee's cause of action accrued more than six years before the death of Eliza J. Alexander; in another, more than fifteen years before; and in another, more than twenty years before. As the action was not commenced until after the death of said Eliza J. Alexander, each of the answers was good, and the separate demurrer to each should have been overruled. Appellee argues that the statute does not begin to run against a remainderman, but this is not an action by a remainderman as such, but is an action to enforce a constructive trust. Even if the action had grown out of a relation of life tenant

and remainderman, between appellee and his mother, this relation was repudiated by the mother in 1885 when she sold the whole title in fee simple, regardless of appellee's reversion, and he cannot now, after thirty years, enforce a trust either in the lands, or the proceeds of the sale thereof. *Stonehill, Exr.,* v. *Swartz* (1891), 129 Ind. 310, 28 N. E. 620.

Having reached this conclusion, it is not necessary to consider other errors. The judgment is reversed, with instructions to the trial court to overrule the demurrers to the second, seventh and eighth paragraphs of answer and for further proceedings.

Batman, C. J. not participating.