**Frank G. FORTH, Harold L. Forth, Appellants (Plaintiffs Below),**

v.

**Mary Ellen FORTH, as Administratrix, the Estate of Lloyd G. Forth, Eulamay Forth, the Estate of Claude A. Forth, Sr., American Fletcher National Bank, as Trustee and Brookside Corporation, Appellees (Defendants Below).**

No. 2-579A155.

Court of Appeals of Indiana, Second District.

July 30, 1980.

Rehearing Denied Oct. 30, 1980.

Robert E. Hughes, Donald E. Snow, Melangton & Hughes, Indianapolis, for appellants.

Richard E. Deer, Peter J. Rusthoven and Michael Rosiello, Barnes, Hickam, Pantzer & Boyd, Indianapolis, for appellees.

SHIELDS, Judge.

Appellants Frank and Harold Forth (Forths) brought suit against Appellees, Mary Ellen Forth, as Administratrix, the Estate of Lloyd G. Forth, Eulamay Forth, the Estate of Claude A. Forth, Sr., American Fletcher National Bank, as Trustee, and Brookside Corporation (referred to collectively as Beneficiaries) for the determination of the rightful ownership of 141¼ shares of Brookside Corporation stock, alleging the stock was held by Beneficiaries as constructive trustees for the benefit of Forths.

Beneficiaries moved for summary judgment on the grounds Forths' claims were barred by three statutory limitations:

(1) one year statute of limitations to vacate or modify final settlement of an estate, IC 29–1–1–21 (Burns Code Ed., 1972):

(2) six months statute of limitations to file claims against decedent's estate, IC 29–1–14–1[1] (Burns Code Ed., 1972);

(3) Six years statute of limitations for relief from fraud, IC 34–1–2–1 (Burns Code Ed., 1973).

Beneficiaries' motion for summary judgment was granted on each of the above stated grounds independently, and final judgment was entered in their favor. Forths appeal alleging:

(1) Existence of genuine issue of material fact;

(2) Error of law in the application of IC 29–1–14–1 and IC 29–1–1–21 to bar a constructive trust;

(3) Error of law in applying the statute of limitations for fraud actions, IC 34–1–2–1, to a constructive trust, and in computing the statutory period of limitations from the date of perpetration of the fraud.

We affirm.

The facts are as follows:

Lloyd G. Forth (Lloyd) died intestate March 11, 1952 leaving as his sole heirs his widow, Mary Ellen Forth (Mary Ellen); two sons, Frank and Harold (Forths), age 9 and 4 at Lloyd's death; and a daughter Thella (not a party to this controversy).

Mary Ellen, as administratrix of Lloyd's estate, petitioned the court for permission to sell at private sale Lloyd's minority interest in Brookside Corporation, 141¼ shares, for $6,000, to Lloyd's brother, Claude A. Forth, Sr. (Claude), a shareholder and officer in Brookside Corporation. The stock was appraised by independent appraisers at a value of $46 per share, for a total value of $5980.[2] The court issued an order confirming the sale on May 29, 1953. Lloyd's estate was closed by final decree on January 21, 1963.

Frank was 21 in 1964, Harold in 1969.

Claude died testate on November 14, 1974 and his will was admitted to probate November 15, 1974. Notice to creditors was first published on November 21, 1974, and no claim was filed by Forths against the estate within the six months claim period pursuant to IC 21–1–14–1. All shares of Brookside stock owned by Claude at his death, including the shares purchased from Lloyd's estate, were administered and distributed in the course of his estate. The estate was closed December 1, 1976.

Forths brought suit on April 19, 1978 to establish ownership of the Brookside Corporation stock, alleging Claude's knowledge of the true value of the stock in the Lloyd G. Forth estate sale gave rise to a constructive trust in the stock for the benefit of Forths.

Addressing Forths' contentions in reverse order, we determine (1) the applicability generally of statutes of limitations to constructive trusts, (2) the appropriate statute of limitations, its accrual and how it is tolled, and (3) the running of the limitations period.

■ Indiana cases hold statutes of limitations to be applicable to constructive trusts. *Terry v. Davenport*, (1916) 185 Ind. 561, 112 N.E. 998, as followed in *Lee v. Hoover*, (1919) 72 Ind.App. 126, 124 N.E. 783.

Forths contend that, even if constructive trusts are susceptible to the statute of limitations defense, the statute of limitations, IC 34–1–2–1, has not yet run.[3] They offer three separate theories: (1) the limitations period does not commence until the trustee repudiates the trust or the beneficiary

---

1. IC 29–1–14–1 (Burns Code Ed., 1972) was amended by Acts 1975, P.L. 288, § 20, p. 1604 to reduce the claim period from six (6) months to five (5) months. The amendment, having an effective date of January 1, 1976, is not pertinent to our controversy.

2. The appraisal submitted to the court was based on 130 shares at $46 per share, for a total value of $5,980. Discovery of 14¼ additional shares in Lloyd's estate was made subsequent to the appraisal, but prior to the petition for sale. The increase in shares was made known to the court before its approval of the private sale. Forths apparently do not dispute the difference between the value of 141¼ shares at $46 per share and the sale price of $6,000, but urge that the stock's true value was so high that the meager sale price was fraudulent.

3. *See, Lee v. Hoover*, (1919) 72 Ind.App. 126, 124 N.E. 783.

makes an unsuccessful demand for the trust assets; (2) the limitations period for fraud does not run until discovery of the fraud and, since the actual value of the stock is concealed within records of the closely held corporation, the fraud is undiscoverable; and (3) concealment of the fraud tolls the statute of limitations. IC 34–1–2–9 (Burns Code Ed., 1973).[4] Forths' contentions are erroneous.

▮ Express trusts arise by reason of a manifested intention to create a trust. Thus, in an express trust there is a subsisting, recognized, and acknowledged trust relationship. Periods of limitation do not run in express trusts until the trustee openly disavows or repudiates the trust (or until the beneficiary demands the trust assets and is refused) and clearly and unequivocally sets up a right and interest adverse to the beneficiary or *cestui que trust*, which fact is made known to the beneficiary. Then the period of limitation commences. Prior thereto, the possession of the trustee is presumed to be that of the beneficiary. *Terry v. Davenport, supra.*

▮ However, constructive trusts are not express trusts. Rather they are a technique utilized by equity to do justice and are imposed irrespective of intention. *Hunter v. Hunter*, (1972) 152 Ind.App. 365, 370, 283 N.E.2d 775, 779. Forths' claim is not based on an express trust, but rather seeks the imposition of a constructive trust–a trust implied by law. Therefore, repudiation by the trustee or an unsuccessful demand by the beneficiary is not a condition precedent to the period of limitation for fraud commencing.

▮ IC 34–1–2–1 provides that suits for relief from fraud must be commenced within six (6) years of a the accrual of the action. In Indiana the cause of action for fraud accrues, and the statute of limitations begins to run, from the date the fraud is perpetrated. *Wood v. Carpenter*, (1879) 101 U.S. 135, 25 L.Ed. 807; *Jackson v. Jackson*, (1897) 149 Ind. 238, 47 N.E. 963; *Hinds v. McNair*, (1955) 235 Ind. 34, 129 N.E.2d 553.[5] The exception to the "perpetration" rule is provided by statute: When the cause of action is concealed by the acts of the fraudulent party, the statute is tolled until discovery of the fraud or until discovery was possible with due diligence. IC 34–1–2–9, *Hinds, supra* ; *Morgan v. Koch*, (7th Cir. 1969) 419 F.2d 993.

▮ The law narrowly defines concealment. *Morgan, supra*, 419 F.2d at 998. The concealment must be active and intentional: mere silence on the part of the defrauder will not constitute concealment

---

4. IC 34–1–2–9 (Burns Code Ed., 1973) reads: "If any person liable to an action, shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action."

5. Forths contend the cause of action accrues at the date of discovery rather than perpetration. The cases cited for this proposition, however, involve either (1) an express trust, *Raymond v. Simonson*, (1835) 4 Blackf. 77 (suit against the estate of a guardian to recover funds belonging to the ward), (2) a confidential relationship giving rise to a duty to disclose the fraud, *Taber v. Zehner*, (1911) 47 Ind.App. 165, 93 N.E. 1035 (suit to impose a constructive trust against the superior or dominant party of a confidential relationship), or (3) acts of affirmative concealment, *Dorsey Machine Company v. McCaffrey*, (1894) 139 Ind. 545, 38 N.E. 208 (suit by a purchaser of stock against corporation and its directors for fraudulent misrepresentation of the corporation's value), and therefore are limited to such specific factual situations and do not support a general "discovery rule."

The rule in Indiana is the perpetration rule. As stated in *Jackson v. Jackson*, (1898) 149 Ind. 238, 243, 47 N.E. 963, 964:

"A failure to discover the cause of action, does not suspend the running of the statute of limitations."

The commencement of the statutory period was also discussed in *Hinds v. McNair*, (1955), 235 Ind. 34, 45, 129 N.E.2d 553, 560, a proceeding supplemental case in which the defendant raised the six year statute of limitations as an affirmative defense to allegations of his fraudulent concealment of property from creditors:

"If there were any question about the issue of fraud in 1931, existing, certainly, the six year statute of limitations takes it out of the case. (citation omitted). Appellants say. the statute does not begin to run 'until discovery of the fraud.' This is hardly a correct statement of the law. The statute runs unless there is active and *intentional* concealment of the fraud."

without a duty to speak. *Wood, supra,* 101 U.S. at 142; *Hinds, supra,* 235 Ind. at 45, 129 N.E.2d at 560. The affirmative acts of concealment must be calculated to mislead and hinder plaintiff from obtaining information by the use of ordinary diligence, or to prevent inquiry or elude investigation. *French v. Hickman Moving & Storage,* (1980) Ind.App., 400 N.E.2d 1384, 1389. There must be some trick or contrivance intended by the defrauder to exclude suspicion and prevent inquiry. *Wood, supra,* 101 U.S. at 142. Mere lack of knowledge of fraudulent private business transactions is not enough to constitute concealment and toll the running of the statute. *Hinds, supra,* 235 Ind. at 45, 129 N.E.2d at 561.

■ However, the concealment need not be done through affirmative acts where there is a fiduciary or confidential relationship giving rise to a duty to disclose material information between the parties. *Guy v. Schuldt,* (1956) 236 Ind. 101, 138 N.E.2d 891.

Assuming concealment is a response to Beneficiaries' affirmative defense of statute of limitations, and therefore could be an issue of fact, the three statements offered by the Forths to prove concealment, accepting them as true, fail to show, or even raise an inference of, affirmative concealment.

■ First, Forths state they lacked knowledge of their father's stock ownership. Ignorance alone, however, does not constitute concealment. *Hinds, supra,* 235 Ind. at 45, 129 N.E.2d at 560. Second, Forths' affidavit merely states it was Claude's "desire" they not learn of the Brookside stock transaction. Claude's "desire" hardly rises to the affirmative concealment standard. Third, Forths' argument of concealment resulting from the breach of an affirmative duty to speak arising from a confidential relationship must fail since the Forths, nephews of Claude, were not in a *per se* confidential relationship to Claude and no facts were presented giving rise to any inference of the existence of such a relationship.

6. IC 34–1–67–1 (Burns Code Ed., Supp. 1979) was amended to change the age of "minority" from 21 (twenty–one) to 18 (eighteen), by Acts 1973, P.L. 313 § 3, p. 1715. We do not consider

We therefore conclude the trial court correctly determined the statute of limitations was not tolled by concealment of the action.

■ The alleged fraud was perpetrated in May 1953 when Claude bought the Brookside stock from the estate. Six years from this date was May 1959. On that date Forths were both minors and, pursuant to IC 34–1–2–5, (Burns Code Ed., 1973)[6] had two years from the date they attained age 21 to file the fraud claim. According to the trial court's computation, which is not contested, Frank became 21 in 1964 and Harold became 21 in 1969 at the latest. Since the current action was not initiated within two years of 1969, their claims are now time barred. Having upheld the trial court's ruling on Beneficiaries' defense of statutory limitation, we need not address their other legal arguments.

The trial court is affirmed.

SULLIVAN, J., and MILLER, P. J., sitting by designation, concur.

whether the 18 age period or 21 age period applies to this controversy since, in either case, the period has run.