**Eileen ALWOOD and Kent Alwood, Appellants–Plaintiffs,**

v.

**Claude E. DAVIS, M. D., Appellee–Defendant.**

**No. 3–1279A338.**

Court of Appeals of Indiana, Fourth District.

Oct. 30, 1980.

Rehearing Denied Nov. 24, 1980.

Vernon J. Petri and John J. Fuhs, Petri & Fuhs, Spencer, for appellants plaintiffs.

William F. McNagny and John F. Lyons, Barrett, Barrett & McNagny, Fort Wayne, for appellee defendant.

CHIPMAN, Judge.

Eileen Alwood brought this medical malpractice action against Dr. Claude Davis. Her husband also brought a loss of consortium action against Davis. The trial court granted Davis' Motion for Summary Judgment as to both actions and Mrs. Alwood brings this appeal. We affirm.

Alwood has raised the issue of whether the statute of limitations for medical malpractice is tolled until the patient discovers or has a reasonable opportunity to discover the essential elements of the cause of action.

## FACTS

The facts, summarized in a light most favorable to the non–moving party, Alwood, show that in 1965 Alwood, then 16 years old, broke her ankle in a skateboard accident. Davis treated her for this injury by using two screws to set the fracture. Alwood alleges Davis negligently placed the screws and failed to remove them when he should have, causing her injured left leg to grow one and one quarter (1¼) inches longer than her right leg. This difference in length caused Alwood to experience severe back pain.

After the ankle had healed Alwood complained to Davis on more than one occasion that she experienced pain and swelling of the ankle. Davis instructed her to learn to live with the discomfort and in response to her inquiry, informed her the pain would not be reduced by removing the screws. In 1970 or 1971, while with her husband who was stationed in Texas, she visited doctors for her back pain. They took x–rays of her ankle but did not tie it in with the continued back pain. Alwood last visited Davis in 1973.

In 1975 Alwood visited Dr. Olmsted hoping he could determine the source of her back pain. She then learned about the differing lengths of her legs and Olmsted attributed this difference to the alleged improper treatment ten years earlier of her fractured ankle. Alwood filed this suit within two years of her visit to Olmsted.

Davis moved for summary judgment arguing the claim was barred by the two year statute of limitations. The motion was granted by the trial court. On appeal, Alwood petitions us to interpret or construe the applicable limitation statute to mean the two year period began to run in 1975, when she discovered her cause of action.

In her brief, Alwood does not argue the fraudulent concealment exception found in

*Guy v. Schuldt,* (1956) 236 Ind. 101, 138 N.E.2d 891, accordingly, we will not consider the possible application of that exception.

## THE STARTING DATE OF THE LIMITATION PERIOD

The alleged malpractice in this case occurred in 1965 and therefore the applicable limiting statute is IC 34–4–19–1.[1]

"34–4–19–1 Malpractice—Limitation of actions.—No action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, commenced or maintained, in any of the courts of this state against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless said action is filed within two [2] years from the date of the act, omission or neglect complained of."

This statute is not ambiguous. It does not say "within two years from the date of discovery of the act, omission or neglect complained of." This statute is an occurrence rule, not a discovery rule. The two year period begins to run from the date of the act, omission, or neglect complained of.

Alwood's brief cites several jurisdictions which now employ the discovery rule but with the exception of one case, all of the cases cited deal with jurisdictions whose limiting statutes speak in terms of "within two years after such claim accrues," or "within two years from the date on which the claimant knew or through the use of reasonable care should have known of the injury," etc.[2] Our legislature has not seen fit to allow the residents of Indiana this amount of protection.

In *Carrow v. Streeter,* Ind.App., 410 N.E.2d 1369 (1980), the Second District recently stated, "Indiana courts have ex-

---

1. The Medical Malpractice Act and its similarly worded limiting statute, IC 16–9.5–3–1, applies only to acts of malpractice occurring after June 30, 1975.

2. The one case cited that does not involve a statutorily mandated discovery rule was *Dyke*

*v. Richard,* (1973) 390 Mich. 739, 213 N.W.2d 185. In that case the Michigan Supreme Court chose to ignore the clear intent of the Michigan legislature by reasoning the legislature misspoke in an attempt to codify one of its decisions.

pressly rejected the so–called 'discovery rule' . . ." citing *Toth v. Lenk*, (1975) 164 Ind.App. 618, 330 N.E.2d 336. We disagree with this statement and with this interpretation of the *Toth* majority opinion. In deciding this case as we have, we find IC 34–4–19–1 cannot reasonably be construed as a discovery rule. We have not though, ruled out the possibility of deciding in a future case that this occurrence rule must be applied as though it was a discovery rule due to the questionable constitutionality of the occurrence rule.

■ The constitutionality of this limiting statute, as applied to patients unaware of the existence of their cause of action against a professional included within the statute, was not raised nor argued at the trial or appellate levels. Therefore we are prevented from deciding the constitutionality of this statute as it may apply to the situation where the statute of limitations has run on a person before she has any knowledge, either actual or constructive, that her doctor has malpracticed.

In 1974 the Supreme Court in *Chaffin v. Nicosia*, (1974) 261 Ind. 698, 310 N.E.2d 867, expressed a concern that this statute may violate Article 1, § 12 of our constitution guaranteeing open courts and redress for injury for every man. Later, in *City of Fort Wayne v. Cameron*, (1977) 267 Ind. 329, 370 N.E.2d 338, the Supreme Court refused to strictly apply an occurrence rule in a situation analogous to this case.

Although the 1975 Medical Malpractice Act, and its similarly worded limiting statute, recently survived constitutional attack in *Johnson v. St. Vincent Hospital, Inc.*, (1980) Ind., 404 N.E.2d 585, we do not believe this specific constitutional objection was made by the parties nor was it addressed by the Court. In that case, the appellants Bovas raised an equal protection challenge to the limiting statute based on the classification of claimants by age and by the nature of their actions. In upholding the constitutionality of this section, the Court proceeded from the premise that a manifestation of the malpractice occurred within the two year statute of limitation, or in the case of a child, before its eighth birthday. The Court in *Johnson* does not address the issue presented in this case.

It is interesting to note that testimony given in one of *Johnson's* companion cases [3] sheds some light on the number of plaintiffs who are left without a legal remedy under the occurrence rule interpretation of the two year statute of limitations. William J. Davy, a former State Insurance Commissioner, is the President of Medical Protective Company which is the largest insurer of doctors in the state. He testified that when they insure a doctor in year one, by the end of year two they will know of approximately five to seven percent of the claims arising from year one against that doctor. By the end of year three, they will know of approximately 28·29% of the claims. Even accounting for lag time and plaintiffs who could take advantage of the fraudulent concealment exception, this occurrence rule statute still seems to turn away a considerable number of plaintiffs who may have valid claims.

The constitutionality of this result will have to be determined when it is properly presented.

The judgment of the trial court is affirmed.

YOUNG, P. J., and MILLER, J., concur.

---

**3.** *Mansur v. Carpenter*, (1980) Ind., 404 N.E.2d 585.