Philip F. APPLE, Appellant
(Plaintiff Below),

v.

William D. HALL, Appellee
(Defendant Below).

No. 2–580A121.

Court of Appeals of Indiana,
First District.

Nov. 5, 1980.

Rehearing Denied Dec. 10, 1980.

Marvin E. Clanin, Anderson, Thaddeus R. Spurgeon, Pendleton, for appellant.

Raymond S. Robak, Wolf, Robak & Murphy, Greenfield, Ross P. Walker, DeWester, Hall & Walker, Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

This appeal arises from the granting of summary judgment to the defendant–appellee, William D. Hall (Hall) in an attorney malpractice case brought by plaintiff–appellant, Philip F. Apple (Apple). Briefly stated, the complaint alleges acts of attorney malpractice by Hall arising out of a will interpretation case and property settlement agreement in 1963 and 1964, in which Hall represented, amongst others, Apple. The complaint alleges that Hall represented an interest adverse to Apple during this period. The complaint further alleges that Hall has since this prior action represented interests conflicting and adverse to Apple's interests.

In its summary judgment, the trial court found that there was no genuine issue of material fact and that the two year statute of limitations barred the action.

We affirm.

Our standard of review in examining the granting of summary judgment is clear. Summary judgment is proper only where the pleadings, depositions, answer to interrogatories, and admissions on file, together with any affidavits and testimony

disclose that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. *Whipple v. Dickey*, (1980) Ind.App., 401 N.E.2d 787. In determining whether a material issue of fact exists on a motion for summary judgment, facts alleged by the party opposing the motion must be taken as true, and all doubt must be resolved against the proponent of the motion. *Boswell v. Lyon*, (1980) Ind.App., 401 N.E.2d 735.

We first examine the nature of Apple's complaint against Hall. The first part of Apple's complaint is malpractice based on Hall's representation of Apple in 1963 and 1964. Apple, in essence, alleges the simultaneous representation of Apple and of an interest adverse to him in those years. He further alleges that Hall, after terminating his attorney–client relationship with Apple, has continued to represent an adverse interest to his former client. The relevant deposition and affidavits explain this second allegation by revealing that on January 2, 1979, Hall, representing the executor of the Mary Rose Apple estate, filed a complaint against Apple to recover possession of certain real estate. Hall, in his deposition, states that this real estate is trust real estate.

It is clear that the representation of an adverse interest simultaneously is potentially malpractice. *See* 7 Am.Jur.2d *Attorneys at Law* § 198 (1980). And Indiana follows the general rule that an attorney cannot, upon termination of representation of a client, represent one whose interests are adverse to those of his former client. *See State v. Robbins*, (1943) 221 Ind. 125, 46 N.E.2d 691. Although we have found no cases that so hold, we think that such a representation would expose the attorney to an action for malpractice.[1] *See generally* 7 Am.Jur.2d *Attorneys at Law* § 198 (1980). We agree, however, with the qualification found in 7 Am.Jur.2d *Attorneys at Law* § 186 (1980):

> an attorney is not prevented from representing a subsequent client against a former client, where the duties required of

him do not conflict with those required in the first employment. It is said that the test of whether the attorney's employment is inconsistent with his duty to a former client is whether acceptance of the new retainer will require him, in forwarding the interest of the new client, to do anything that will injuriously affect a former client in any matter in which he formerly represented him, and also whether the attorney will be called on, in his new relation, to use against a former client any knowledge or information acquired in the former relationship.

Apple makes the innovative argument that since the attorney is in a fiduciary relationship with the client, a breach of this fiduciary duty should be under the fifteen-year catch-all statute of limitations. No relevant authority is presented for this argument.

*Cordial v. Grinn*, (1976) Ind.App., 346 N.E.2d 266, suggests it is the nature or substance of the cause of action, rather than the form of the action, which determines the applicable statute of limitations. *See also* Annot., 49 A.L.R.2d 1216 (1956). Most acts of attorney malpractice are attorney negligence or injury to a chose in action and thus under the two year statute. *See, e. g., Shideler v. Dwyer*, (1979) Ind.App., 386 N.E.2d 211.

We think the representation of an adverse interest simultaneously or to a former client under the guidelines set out above is a failure to exercise the knowledge, skill and ability ordinarily possessed and exercised by members of the legal profession similarly situated and sounds in tort. Thus, the two-year statute of limitations for personal injury, etc. applies. Ind.Code 34-1-2-2.

Obviously, the statute of limitations bars the malpractice alleged to have occurred in 1963 and 1964. Apple alleges that Hall's representation was not adequate at that time and that he suffered injury at that time because of it.

---

1. More traditional remedies can be found in Annot., 52 A.L.R.2d 1243 (1957).

As to the malpractice alleged because of representation of an adverse interest to his former client, as stated above, the injury is apparently alleged to have occurred with the filing of the lawsuit for recovery of possession only one month before the instant lawsuit was filed.[2] Thus, the statute of limitations presents no bar.

We turn to the facts under the standard of review set out above.

■ Hall represented Apple in the drafting of a "Familial Agreement" which gave Apple 188 acres of the land involved. The land in controversy in the 1979 suit filed by the executor is trust land under the Familial Agreement. There is no factual dispute concerning this and it appears uncontested that Apple's defense to the wrongful possession is adverse possession—not the Familial Agreement. Thus, although the land involved in the second suit is the same as in the Familial Agreement, the representation by Hall in the new suit is quite distinct from the representation by Hall for Apple in the Familial Agreement. The duties of Hall in the second suit do not conflict with his representation of Apple in drafting the Familial Agreement. Apple's defense to the wrongful possession suit shows that he does not base his claim to the land on the Familial Agreement. There is no knowledge that Hall gained by representing Apple in 1964 that he could use against Apple who is claiming adverse possession. We, thus, agree with the trial court that there is no factual controversy here and the law is with Hall.

We next review, somewhat out of order, several claimed procedural errors. Apple alleges error in the trial court's overruling of his motion to strike Hall's affidavit which was submitted with his motion for summary judgment. Apple further alleges reversible error because the trial court did not rule on the motion to strike before a hearing on the motion for summary judgment.

Apple's motion to strike contests the form of the affidavit, stating that Hall did not swear that it was made from personal knowledge, that the affidavit contains hearsay statements and that the affidavit contains references to court filed documents with no sworn or certified copies of these documents attached to the affidavit.

■ While we agree with Apple that some of the affidavit does not meet the requirements found in Indiana Rules of Procedure, Trial Rule 56, we think the trial court could choose not to strike the whole affidavit and ignore those parts not admissible or proper in form. *See* 6A *Moore's Federal Practice* § 56.22[1] at 1331 (2d Ed. 1948). As long as the trial court did not rely on the inadmissible parts, we see no reversible error.

■ Apple further claims that he was prejudiced by the trial court's failure to promptly rule on the motion to strike until the date of the hearing on the motion for summary judgment. We find, however, no request for a ruling, no use of the "lazy judge" rule and no request for continuance of the hearing based on this ground. It is basic that a party can not silently endure supposed error at the trial court level, only to complain on appeal. *See, e. g., Southerland v. Calvert*, (1974) 162 Ind.App. 606, 320 N.E.2d 803; *Wolf Produce and Transportation Co. v. Lang Trucking, Inc.*, (1965) 136 Ind.App. 571, 203 N.E.2d 308.

■ Apple next alleges that there was an irregularity in the proceedings of the hearing on the motion for summary judgment. Much of Apple's argument consists of statements of events not found in the record. We will not infer error from a silent record. *State v. Maplewood Heights Corp.*, (1973) 261 Ind. 305, 302 N.E.2d 782. Further, a trial court is given flexibility to deal with hearings regarding motions. *See* Ind.Rules of Procedure, Trial Rule 73. We

---

**2.** Because of the nature of our decision, we express no opinion on what and when injury

occurs in a malpractice case as alleged here. *See Shideler, supra.*

do not think that Apple was prejudiced here.

Judgment affirmed.

BUCHANAN, C. J. (sitting by designation), and NEAL, J., concur.