Robert Eugene LAMBERT, Norma
Carol Lambert, Appellants
(Plaintiffs Below)

v.

Dennis H. STARK, John A. Kesler, II,
d/b/a Kesler & Stark, Jointly and Severally, Appellees (Defendants Below).

No. 1–1084 A 266.

Court of Appeals of Indiana,
First District.

Oct. 31, 1985.

Rehearing Denied Dec. 11, 1985.

Vernon J. Petri, Vernon J. Petri, P.C., Indianapolis, for appellants.

David Sullivan, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for appellees.

ROBERTSON, Judge.

Plaintiffs-appellants Robert and Norma Lambert (Lamberts) appeal from a summary judgment entered in favor of defendants-appellees Dennis Stark and John Kesler II, d/b/a Kesler & Stark (Kesler & Stark).

We affirm.

In the fall of 1979, the Lamberts sought legal advice concerning their financial difficulties. Kesler & Stark, attorneys, advised the Lamberts to dispose of certain property. Additionally, Kesler & Stark filed a petition in bankruptcy on behalf of the Lamberts.

On March 10, 1980, a secured creditor filed a complaint objecting to the Lamberts' discharge in bankruptcy. The complaint alleged that the Lamberts had transferred property with the intent to defraud the creditor of its security interest. Kesler & Stark informed the Lamberts that a complaint had been filed and continued to represent the Lamberts in the matter.

A hearing was held before the bankruptcy court judge, who found that the Lamberts intended to defraud creditors by transferring property for less than adequate consideration within one year of the filing of the bankruptcy petition. The Lamberts were denied their discharge on March 19, 1982.

Nearly two years later, on February 27, 1984, the Lamberts filed a malpractice complaint against Kesler & Stark. Kesler & Stark responded with a motion for summary judgment, arguing that the Lamberts' claim was barred by the statute of limitations. The Lamberts countered with the argument that the statute of limitations had been tolled by fraudulent concealment. The trial court granted the motion for summary judgment.

One issue is raised on appeal: whether the trial court properly granted summary judgment on the ground that the statute of limitations period had expired.

Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Criss v. Bitzegaio*, (1981) Ind., 420 N.E.2d 1221, 1223. The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, are construed in favor of the opponent of summary judgment. Any doubt as to the existence of a genuine issue of material fact is resolved against the proponent of the motion. *Pike County v. State ex rel. Hardin*, (1984) Ind.App., 469 N.E.2d 1188, 1195.

In their motion for summary judgment, Kesler & Stark correctly contended

that the Lamberts' cause of action was governed by IND. CODE § 34–1–2–2 (1982):

> The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards: (1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two (2) years. . . .

Most acts of attorney malpractice involve negligence or injury to a chose in action; thus attorney malpractice complaints fall under the two year statute. *Shideler v. Dwyer,* (1981) 275 Ind. 270, 417 N.E.2d 281; *Apple v. Hall,* (1980) Ind.App., 412 N.E.2d 114.

■ The Lamberts claim that the two year limitation period was tolled by fraudulent concealment. IND. CODE § 34–1–2–9 (1982) provides:

> If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action.[1]

■ Generally, the concealment contemplated by I.C. § 34–1–2–9 must be active and intentional. *Forth v. Forth,* (1980) Ind., 409 N.E.2d 641; *Dotlich v. Dotlich,* (1985) Ind.App., 475 N.E.2d 331. However, when the defrauder has a duty to disclose material information to individuals with whom he has a fiduciary or confidential relationship, the requirements of active and intentional conduct do not apply. *Dotlich, supra,* at 341. The failure to speak when there is a duty to disclose will toll the running of the statute of limitations. *Forth, supra,* at 645. The Lamberts emphasize the fiduciary character of the attorney-client relationship, and they submit

that Kesler & Stark had a duty to disclose the legal effect of the property transfers made by the Lamberts prior to their filing of a petition in bankruptcy.

■ To avoid the bar of limitations by claiming fraudulent concealment, the Lamberts also had to show that they used due diligence to detect the fraud. *Keystone Distribution Park v. Kennerk,* et al., (1984) Ind.App., 461 N.E.2d 749; *Whitehouse v. Quinn,* (1982) Ind.App., 443 N.E.2d 332, *vacated and reversed on other grounds* (1985) Ind., 477 N.E.2d 270. The evidence on this issue consists of the Lamberts' statement in their affidavits that they first became aware that the legal advice was incorrect and possibly actionable in January, 1984. The record is devoid of evidence regarding why the Lamberts ought not to have discovered the erroneous nature of the advice earlier than they did.

■ Although this court must construe the evidence in favor of the opponent of a summary judgment motion, the burden of avoiding a statute of limitations ruling was on the Lamberts. *See Keystone Distribution Park, supra,* at 751. Part of that burden was to show that the Lamberts used reasonable care and diligence to detect the alleged fraud. *Id.* The Lamberts failed to meet their burden, as the only evidence produced on this point was the assertion that they did not discover that the legal advice was incorrect until January, 1984. *See Whitehouse v. Quinn, supra,* 443 N.E.2d at 339. Such an allegation standing alone is insufficient to establish a genuine issue of material fact regarding reasonable diligence. *Id.*

Judgment affirmed.

NEAL, J., concurs.

RATLIFF, P.J., dissents with separate opinion.

---

1. The parties to this appeal do not cite the concealment statute, but rely instead upon the medical malpractice case, *Guy v. Schuldt,* (1956) 236 Ind. 101, 138 N.E.2d 891, and its progeny. In *Guy,* the Indiana Supreme Court announced that the concealment statute did not constitute an exception to the statute of limitations governing medical malpractice cases [now IND.CODE § 34–4–19–1 (1982)]. The court then introduced the equitable doctrine of fraudulent concealment. 236 Ind. at 107, 138 N.E.2d at 895. Reliance upon the equitable defense established in *Guy* is unnecessary in the instant case. The concealment statute does create an exception to IND. CODE § 34–1–2–2.

RATLIFF, Presiding Judge, dissenting.

Determining whether or not the statute of limitations has run in a malpractice action is a delicate matter, particularly fact-sensitive, and one which has caused great anguish to the courts. In making such decisions, the courts have had to wrestle with the question of whether the statute of limitations is an occurrence statute, a damage statute, or a discovery statute. *See generally,* Note, *Drafting Attorneys Liability To Intended Beneficiaries of a Will: A Reasonable Approach To Accrual of Statutes of Limitations* 18 Val.U.L.Rev. 119, 130–39 (1984). That is, is the triggering event which sets into motion the statute of limitations the act of malpractice, the infliction of damage, or the discovery of the malpractice by the victim? And, are there any exceptions or circumstances which might, in a given case, extend the period of limitation?

In the area of medical malpractice, because of the peculiar wording of the separate medical malpractice statute of limitations, (Ind. Code sec. 16–9.5–3–1 under the current medical malpractice act, and Ind. Code sec. 34–4–19–1 the prior statute), our courts have held the statute of limitations to be an *occurrence* statute. *Hepp v. Pierce* (1984), Ind.App., 460 N.E.2d 186; *Colbert v. Waitt* (1982), Ind.App., 445 N.E.2d 1000; *Alwood v. Davis* (1980), Ind. App., 411 N.E.2d 759, *trans. denied.* However, as we pointed out in our decision in *Nahmias v. Trustees of Indiana University* (1983), Ind.App., 444 N.E.2d 1204, *trans. denied,* "discovery" language has been employed in construing the 1941 act (Ind. Code sec. 34–4–19–1). Thus, in *Snyder v. Tell City Clinic* (1979), 181 Ind.App. 188, 195, 391 N.E.2d 623, 628, Judge Lybrook stated that the malpractice statute of limitations does not deprive a patient of a remedy if he did not know and could not have known of his claim within two years of the initial act, omission, or neglect. However, in *Toth v. Lenk* (1975), 164 Ind.

App. 618, 330 N.E.2d 336, the case relied on in *Snyder,* Judge Garrard writing for the majority stated that the legislature did not intend actual discovery to be the event which triggers the commencement of the statutory period.

Thus, the current state of the law in this state seems to be that, at least insofar as medical malpractice cases are concerned, the statute of limitations is an *occurrence* rule statute.[1] However, it is clear that fraudulent concealment will toll the running of the statute of limitations in medical malpractice actions. *Guy v. Schuldt* (1956), 236 Ind. 101, 138 N.E.2d 891; *Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130; *Spoljaric v. Pangan* (1984), Ind.App., 466 N.E.2d 37. Fraudulent concealment ceases to toll the statute of limitations when the confidential relationship between the physician and the patient is terminated. *Conrad,* 474 N.E.2d 135; *Spoljaric,* 466 N.E.2d at 40; *Colbert,* 445 N.E.2d at 1003. If the patient learns of the malpractice or learns information which would lead to the discovery of the malpractice if the patient exercised diligence to discover, the statute of limitations will commence to run. *Spoljaric,* 466 N.E.2d at 40; *Hepp,* 460 N.E.2d at 190; *Nahmias,* 444 N.E.2d at 1209.

These medical malpractice cases have been reviewed because of the similarity of the issues in medical malpractice and legal malpractice. In addition, the medical malpractice cases are oft-cited in the lawyer malpractice cases regarding the running of the statute of limitations. *See, e.g., Keystone Distribution Park v. Kennerk, Dumas, Burke, Backs, Long and Salin* (1984), Ind.App., 461 N.E.2d 749; *Whitehouse v. Quinn* (1982), Ind.App., 443 N.E.2d 332, *reversed on other grounds,* Ind., 477 N.E.2d 270 (1985). This court in *Whitehouse,* relying upon *Guy v. Schuldt,* held that fraudulent concealment tolled the running of the statute of limitations in

---

**1.** In *Alwood v. Davis* (1980), Ind.App., 411 N.E.2d 759, *trans. denied,* while holding the statute to be an occurrence rule statute, the court expressed some concern regarding "the questionable constitutionality of the occurrence rule" and indicated that in a future case, the statute might have to be construed as a discovery rule statute.

lawyer malpractice cases. In reversing, our supreme court in *Whitehouse,* found this court erred in determining that the twenty year statute of limitations was applicable. 477 N.E.2d at 274. However, the supreme court did not disturb this court's decision that the doctrine of fraudulent concealment announced in *Guy* was applicable to lawyer malpractice cases. In fact, the supreme court tacitly recognized that view when it said, "[W]e do agree with the Court of Appeals that the statute of limitations ... was not tolled based on Whitehouse's rationale that Quinn's failure to advise Whitehouse of the release constituted fraudulent concealment ..." *Whitehouse,* 477 N.E.2d at 272. The supreme court simply agreed that the facts did not establish fraudulent concealment.

Unlike medical malpractice, there is no specific statute of limitations applicable only to lawyer malpractice cases. Instead, lawyer malpractice cases are governed by the general two year statute of limitations applicable to actions for injuries to person or character or for injuries to personal property, Ind. Code sec. 34-1-2-2. *Whitehouse,* 477 N.E.2d at 274; *Shideler v. Dwyer* (1981), 275 Ind. 270, 281, 417 N.E.2d 281, 288; *Keystone Distribution Park,* 461 N.E.2d at 751. The question then becomes one of determining the event which starts the statute of limitations running. In *Shideler,* our supreme court held the triggering event in regard to a claim of malpractice for negligent preparation of a will was the death of the testator.[2] Following the decision in *Shideler,* this court held that as to a claim for lawyer malpractice concerning an economic development bond issue, the statute of limitations commenced running when construction began. *Keystone,*

461 N.E.2d at 751. Here, however, it is unnecessary to pursue the question of when the statute was triggered. Lamberts, in their appellants' brief, concede the statute of limitations on their malpractice claim commenced running on January 20, 1980, when Kesler and Stark filed a petition with the bankruptcy court seeking discharge of Lamberts' debts. Appellants' brief at 6.[3] They seek to avoid the consequences of their delay in filing their complaint until February 27, 1984, on the ground of fraudulent concealment thus tolling the statute of limitations.

Granting of summary judgment in this case was proper only if there was no genuine issue of fact as to fraudulent concealment. Summary judgment is not appropriate when the information before the court reveals a good faith dispute as to the inferences to be drawn from the facts. *Spoljaric,* 466 N.E.2d at 41. In my view, although Lamberts' affidavits opposing summary judgment leave much to be desired, from these affidavits and the record itself, inferences supporting genuine issues can be made.

Kesler and Stark continued to represent Lamberts in the bankruptcy proceeding and actively opposed the petition to deny discharge. That representation continued up to the order of March 19, 1982, denying discharge because of fraudulent transfers of property allegedly advised by Kesler and Stark. Although Kesler and Stark claim to have advised Lamberts of the petition to deny discharge, an inference could be drawn from the fact of their continued representation opposing the petition to deny discharge, that they were concealing their original malpractice. In fact, Lam-

---

**2.** But see the dissenting opinion of Chief Justice Givan, in which Justice Pivarnik concurred, wherein it was stated that plaintiff could not have known that the particular clause was ineffective until the court declared it void. Thus, the dissenters, although recognizing that the majority of jurisdictions hold that the statute of limitations for lawyer malpractice begins to run on the day the negligent act occurred, would opt for a discovery rule. The dissent states the statute of limitations should not have been deemed to commence running until the will

provision was declared void. If this view were followed, the statute here would not have started running until the entry of the order denying discharge in bankruptcy.

**3.** In view of this concession, it is not necessary in this case to determine when the statute started to run, or the correctness of the concession, but only whether a genuine issue was raised as to fraudulent concealment.

berts' affidavits state that they had no knowledge of the malpractice and the effect of the erroneous advice to make the transfers until the bankruptcy court denied discharge. Whether Kesler and Stark's disclosure of the petition to deny discharge was factually sufficient to create an obligation upon the part of the Lamberts to investigate whether they had been the victims of lawyer malpractice and whether they used due diligence to discover it, are also factual issues to be resolved by the trier upon full adversarial trial, and not upon summary judgment.

Therefore, I dissent. I would reverse and remand for trial on the merits wherein the issue of fraudulent concealment as tolling the statute of limitations can be fully litigated.

