Earl R. MILLER, James Carlile, Wayne A. Miller, and Judith Miller Hawn, Appellants,

v.

GAIN FINANCIAL, INC., S.C. Striebeck & Company, Inc., Steven C. Striebeck, et al., Appellees.

No. 92–3614.

United States Court of Appeals, Seventh Circuit.

Argued March 30, 1993.

Decided June 4, 1993.

Richard P. Watson (argued), Indianapolis, IN (Watson & Leatherbury, on the brief), for appellants.

Jay P. Kennedy (argued), Indianapolis, IN (Kroger, Gardis & Regas; James S. Kirsch; Charles G. Reede, and Holland & Holland; K.C. Cohen, and Cohen & Malad, on the brief), for appellees.

Before CUMMINGS and RIPPLE, Circuit Judges, and TIMBERS, Senior Circuit Judge.*

TIMBERS, Senior Circuit Judge.

This appeal arises from claims by certain investors in a limited partnership that the general partners committed various fraudulent and negligent acts. On appeal, they assert that their claims, which were dismissed below by judgments on the pleadings,

* The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

should not have been dismissed since they established a pattern of RICO activity and were not time-barred. For the reasons that follow, we affirm.

## I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

None of the parties disputes the facts. The case involves a limited partnership, G.F.I. Ltd., No. 83–1 (G.F.I.), organized pursuant to the Uniform Limited Partnership Act, Ind.Code §§ 23–4–2–1, *et seq.* The limited partnership was organized on September 8, 1983, to provide financing for a condominium project known as Spruce Knoll. The general partner of G.F.I. was Gain Financial, Inc., which was incorporated in Indiana on February 15, 1983 and was dissolved administratively on December 31, 1987 for failure to file annual corporate reports. The directors of Gain Financial were: Kenneth Blaudow, James S. Kirsch, and Gary L. Stump. Kirsch also was the managing partner of the law firm Kroger, Gardis & Regas (KGR). S.C. Striebeck & Co. was the builder selected for the Spruce Knoll project. Steven C. Striebeck was the sole shareholder of that company.

Blaudow and Stump sold limited partnership interests in the project to appellants Earl R. Miller, James Carlile, Wayne A. Miller, and Judith Miller Hawn. Each interest cost $5000 in cash and required the investors each to execute an irrevocable $50,000 letter of credit. Appellants contend that they were told that the letter of credit was merely to secure financing and would not be called. Earl Miller purchased two interests in the limited partnership. The other appellants each purchased one interest.

On April 22, 1986, the letters of credit were called by the Franklin Bank & Trust Co. When appellants inquired about this development, the principals of Gain Financial assured them that they would take care of everything. On June 15, 1987, Franklin commenced an action against G.F.I. for defaults on promissory notes and the underlying mortgage and guarantees on the Spruce Knoll real estate. Appellants claim that, even though G.F.I. was named in the action, none of the limited partners ever was informed of the default on the notes or the action.

Appellants filed a complaint on August 28, 1990 against G.F.I., its principals, S.C. Striebeck & Co., and Striebeck individually. They filed an amended complaint on July 1, 1991, which added KGR as a defendant. The amended complaint contained seven counts. Counts I, II, and III alleged fraud and violations of federal and state securities laws against all defendants. Within these counts, there also were allegations of fraudulent concealment. Counts IV and V alleged negligence and fraudulent concealment on the part of the defendants. Count VI alleged violations of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961(d), 1962, & 1964(c) (1988). Count VII alleged attorney malpractice by Kirsch and KGR.

On February 12, 1992, the court ruled on motions to dismiss the amended complaint, filed separately by KGR, Kirsch, Stump and Blaudow. Striebeck moved for judgment on the pleadings. The court dismissed with prejudice Counts I, II, and III in their entirety with respect to KGR and Striebeck, since there were no allegations which directly linked these defendants with the fraudulent activities. The court dismissed these counts as to the other defendants insofar as they alleged federal securities violations. Count V was dismissed with prejudice as to KGR, and Count VI, the RICO claim, was dismissed with prejudice as to KGR and Striebeck, since the claims against them were too attenuated. Count VII was dismissed as to all defendants with respect to acts or omissions which occurred before August 28, 1988 because they were time-barred.

On September 22, 1992, the court ruled on a motion for summary judgment, which was converted into a judgment on the pleadings. At this point, the court dismissed with prejudice Count VI (the RICO claim) in its entirety. The court held that the allegations did not show the continuity required for the presence of a RICO pattern. The court then dismissed without prejudice the remaining

pendent state law claims, including Count IV in its entirety, since, without the RICO count, the court lacked federal jurisdiction. The court entered a final judgment in favor of appellees on Count VI of the amended complaint.

On appeal, appellants claim that the court erred in entering judgment for appellees on the RICO count. They also claim that the court erred in dismissing with prejudice as to KGR Counts I, II, III, V and VI, asserting that the law firm's involvement was not too tenuous. They also claim that the court erred in dismissing Count VII, since the allegation of fraudulent concealment tolled the statute of limitations.

## II.

### (A) The RICO Claim

Appellants assert that Count VI, which alleged a RICO claim against appellees, met the threshold pleading requirements for a RICO claim. One basis of their assertion is that, in its February 12, 1992 order, the court denied appellees' motion to dismiss that count for failure to state a claim, finding that appellants met the threshold pleading requirements. The September 22, 1992 order, which dismissed the claim, was in response to a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Appellants point out that a motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989).

Appellants contend, therefore, that "the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief". *Id.* Appellants argue that under this standard, if their pleadings could withstand a motion to dismiss for failure to state a claim, they should be sufficient to withstand a motion for judgment on the pleadings. The court, they contend, erred in coming to contradictory conclusions in orders based on the same pleadings.

Two footnotes in the court's orders are instructive on this point. In footnote 5 of the February 12, 1992 order, the court informed the plaintiffs "that it expects a more thor-

ough delineation of the facts underlying the remaining malpractice claims—as well as all the other claims—in future proceedings". Footnote 2 of the September 22, 1992 order states that "plaintiffs have not alleged that the defendants engaged in any 'racketeering activity'.... Furthermore, to the extent these allegations might be read as speculating that defendants committed racketeering activities of fraud in the sale of securities in connection with the similar transactions [so as to show a pattern], such allegations have not been made with any level of particularity approaching the level required for allegations of fraud by Fed.R.Civ.P. 9(b)." (citations omitted). The court dismissed the RICO count, stating that appellants' allegations did not show the "pattern" which is necessary for a RICO claim.

Appellants contend that their amended complaint did meet the Fed.R.Civ.P. 9(b) requirement for particularity in pleading continuity required for RICO claims. They assert that the amended complaint showed a pattern of racketeering through similar business activities in which Stump, Blaudow and Kirsch participated over a period of years, and which used similar methods and yielded similar results. The amended complaint, however, merely listed three other limited partnerships in which Stump, Blaudow and Kirsch were involved, and in which letters of credit were called and the limited partners alleged fraud after receiving no return on their investments. Appellants also contend that the complaint showed a threat of this activity continuing in the future.

Under current case law, in order to have a viable RICO claim, a plaintiff must allege that there was a pattern of racketeering activity, and "in most civil RICO cases, the question before us is continuity [of predicate acts of fraud]". *Uni\*Quality, Inc. v. Infotronx*, 974 F.2d 918, 922 (7th Cir.1992). To establish a pattern of fraudulent acts, and thus, continuity, a plaintiff must demonstrate that there has been a series of related predicate acts over a substantial period of time or ones which threaten repetition in the future. *Id.* Acts which last only a few weeks or months and do not threaten continuation in the future do not satisfy the RICO continuity

requirement. In this case, appellants really alleged only a single act in which a securities fraud lasted over a period of a few months. A single scheme which lasts only a short period does not have the requisite continuity, even if there are multiple predicate acts and victims. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1025 (7th Cir.1992); *Olive Can Co. v. Martin,* 906 F.2d 1147, 1151 (7th Cir.1990).

■ Although appellants assert that the allegations of the three other schemes in their amended complaint were sufficient to show continuity, we do not agree. The amended complaint set forth no specifics about racketeering activities in the three other schemes. Appellants basically conceded this point at oral argument. They responded to our concerns about it by insisting that the particularity required was set forth in affidavits submitted to the court. The plain language of Fed.R.Civ.P. 9(b), however, compels us to reject this response. The rule, set forth in the section entitled "Pleadings and Motions", requires that in pleading special matters, such as fraud, a party must state the circumstances with particularity. In this case, appellants attempted to rely on affidavits for the particularity requirement. We find that to be insufficient, since affidavits are not formal pleadings. Appellants have not met the particularity requirement set forth in Rule 9(b).

As stated above, the allegations of the amended complaint were not sufficiently pleaded. A plaintiff is required to state, " 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff' ". *Uni*Quality, supra,* 974 F.2d at 923 (*quoting Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992)). In the instant case, appellants alleged that some appellees engaged in "similar business transactions" with "similar results". They failed to allege that there were racketeering activities involved in the other transactions, and they failed to allege other required specifics. Despite appellants' reliance on those allegations to establish continuity sufficient for a RICO claim, their reliance was misplaced. Stating that the other transactions were similar is not enough. We can consider only the transaction in which appellants were involved. Based on controlling case law, which requires a pattern of racketeering with a threat of continuation in the future, appellants' claim must fail. We uphold the court's dismissal of the RICO count.

**(B)** *Dismissal of Counts I, II, III, V, and VII as to KGR*

In addition to the dismissal of Count VI (the RICO count), the court dismissed with prejudice the claims against KGR in Counts I, II, III, V, and VII. Appellants assert that the court erred in dismissing these claims as to KGR because they were not dismissed as to Kirsch who was the managing partner of KGR, and therefore an agent of the law firm under the Uniform Partnership Act, codified at Ind.Code §§ 23–4–1–1, *et seq.* Any acts or omissions by Kirsch would bind the law firm.

While this statement of agency law is accurate, we hold that the dismissal of the claims with prejudice was proper because they were time-barred.

This issue essentially turns on whether the tolling period, which tolled the statute of limitations for Kirsch as to these claims, also tolled the statute of limitations for KGR. Under Indiana law, Counts I, II, and III, which alleged state securities fraud, could be filed any time until three years after discovery of the fraud. Ind.Code § 23–2–1–19(e). The fraud in this case allegedly was not discovered until 1990, giving appellants until 1993 to file claims against those who were said to have perpetuated the fraud.

We agree with the court's finding that the amended complaint alleged no facts which would link KGR directly to the fraudulent acts. The only valid claim appellants had to link KGR with the securities fraud was that the firm was implicated through agency principles. There is a problem with the agency relationship in the instant case, however, because appellants did not name KGR in this action until 1991, which was nearly three years after Kirsch left the firm to become a county court judge. Although appellants allegedly did not learn of the withheld information until 1990, the tolling period should not apply to KGR because its agency relationship with Kirsch ended in 1988. *Lambert v. Stark,* 484 N.E.2d 630, 633 (Ind.1985) (tolling period ends when the confidential relation-

ship ends). The end of the relationship with Kirsch terminated the tolling period. This is clearly so here where the claim itself asserted no allegations against KGR, and based liability solely on an agency theory.

We hold that the dismissal with prejudice of the state securities fraud claims against KGR was proper.

Count V, which alleged negligence in providing information to appellants about the lack of compliance with conditions necessary for the zoning of the project for which the investments were sought, also was dismissed properly with prejudice as to KGR. While the statute of limitations for negligence is two years, it may be tolled if there is fraudulent concealment of the fraudulent acts. Plaintiffs then would have two years from the date a reasonable person would discover the concealment to commence an action. Appellants contend that there was fraudulent concealment, and therefore they could not discover the negligence until 1990 (an assertion we must take as true on a motion for judgment on the pleadings). The court held that the allegations were sufficient to toll this claim for appellees other than KGR. Finding that there were no facts alleged to implicate KGR's involvement with the condominium project, the court held that there was no reason to toll the claim with respect to KGR and dismissed with prejudice the claim against the firm. Appellants contend that dismissing the claim against KGR with prejudice was error if it was tolled as against Kirsch since he was an agent of KGR.

The dismissal of Count V as to KGR was proper, however, since the amended complaint did not allege any acts by which KGR withheld this information from appellants and thus participated in the fraudulent concealment. Moreover, the amended complaint did not allege any specific facts as to when Kirsch learned of the acts. As stated above, Kirsch left the firm in 1988, thus terminating the agency relationship. Even if Kirsch knew of the problems with the project before 1988, it was not alleged in the amended complaint and cannot be presumed now.

We hold that the claims against KGR in Count V were dismissed with prejudice properly.

Count VII alleged attorney malpractice against Kirsch and KGR. The court properly dismissed this count with prejudice for all acts that occurred before 1988 because the statute of limitations had run, *Lambert, supra,* 484 N.E.2d at 634 (attorney malpractice claims subject to a two year statute of limitations) and there were no allegations of fraudulent concealment which are necessary to toll the statute. This effectively dismissed any claims against KGR in that the firm no longer was associated with Kirsch after 1988.

Reading the amended complaint, it is impossible to determine how appellants would know that the attorneys did not provide competent representation in a reasonably diligent manner before the underlying negligence claims involving their investments were discovered. There were, however, no allegations that the conduct of Kirsch or KGR involved fraudulent concealment. There was no allegation that they tried to hide the fact that they had not ensured compliance with the securities laws.

Appellants assert that Count VII did allege fraudulent concealment because it incorporated Count V by reference (and the court found allegations of fraudulent concealment in Count V). This method of pleading, however, was insufficient to permit a tolling of the statute of limitations. Appellants did not state how the attorneys concealed the information or in what manner any concealment was accomplished.

We hold that the court did not err in dismissing this claim with prejudice as to all acts before 1988.

### III.

To summarize:

The district court properly dismissed Count VI (the RICO count) with prejudice as to all defendants, since it did not allege the requisite pattern of racketeering, nor was it pleaded with the specificity required by the Federal Rules of Civil Procedure. Counts I, II, III, V, and VII also were properly dismissed with prejudice as to KGR. The remaining pendent state law claims, including Count IV in its entirety, were properly dis-

missed without prejudice for lack of federal jurisdiction.

AFFIRMED.