David WHITEHOUSE, Appellant,

v.

Thomas M. QUINN, Jr., and Clark & Clark, Appellees.

No. 585S181.

Supreme Court of Indiana.

May 2, 1985.

George Clyde Gray, P.C., Indianapolis, for appellant.

John P. Price, Robert J. Shula, Robert D. MacGill, Bingham Summers Welsh & Spilman, Indianapolis, for appellees.

Ted B. Lewis, Donn H. Wray, Christine F. Royce, Stewart Irwin Gilliom Fuller & Meyer, Indianapolis, for amicus curiae.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer by the Defendants-Appellees, Thomas M. Quinn, Jr., and Clark & Clark, pursuant to Ind.R.App.P. 11(B). Plaintiff-Appellant, David Whitehouse, brought this action in the Marion Superior Court, Civil Division, Room No. 5, against Defendants-Appellees. The trial court entered summary judgment in favor of Defendants-Appellees on both counts presented in Plaintiff's complaint. The Court of Appeals affirmed the trial court's entry of summary judgment in Count I of Plaintiff's complaint but reversed the trial court's decision to grant summary judgment as to Count II. *Whitehouse v. Quinn*, (1982) Ind.App., 443 N.E.2d 332, 337, *reh. denied.*

In early August, 1977, Whitehouse was personally injured in a motor vehicle collision. On August 18, 1977, he entered into a written contingent fee contract with Attorney Quinn in which Quinn agreed to represent and prosecute Whitehouse's personal injury claim to final settlement or judgment against several defendants, including Russell A. Toothman, Michael Vaccarello, Kathie K. Christy, and others. In July, 1978, Quinn secured fifty thousand ($50,000) dollars for Whitehouse from Toothman in exchange for a covenant not to sue. On November 21, 1978, in exchange for ninety thousand ($90,000) dollars paid by Vaccarello, Whitehouse executed a release to all claims. This release document stated in part:

> "release[d] and forever discharge[d] ... Vaccarello and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that [he would] hereafter sustain in consequence of [the] accident."

Immediately beneath the date and above the signature line the release stated in bold print: "CAUTION—READ BEFORE SIGNING."

Whitehouse filed this action against Quinn on August 13, 1981. Count I alleged Quinn was negligent in failing to secure all of the remedies available to Whitehouse, specifically failing to bring suit against the State of Indiana and the contractor who performed repairs on the portion of the highway on which the motor vehicle collision occurred. Count II alleged Quinn's failure to bring suit against the State and the contractor constituted a breach of the contingent fee contract. A copy of the contract was not attached to the complaint and Count II referred to Count I and incorporated allegations therein made into Count II. In his answer and subsequent motion for summary judgment, Quinn maintained both counts of the complaint were governed by the two year statute of limitations in Ind.Code § 34–1–2–2(1) (Burns 1973). Accordingly, both counts were barred as Whitehouse filed his complaint over two years after he executed the complete release with Vaccarello. Whitehouse attached an affidavit in opposition to summary judgment in which he stated he was advised to sign the November 21, 1979 release and Quinn never advised him he was thereby releasing all tort-feasors, in particular the State of Indiana and the highway contractor, from liability. The affidavit also asserted Whitehouse did not learn of the release of the State of Indiana and the highway contractor until he talked with an attorney in July, 1980.

After a hearing where the parties presented their petitions, but where evidence was not taken, the trial judge found the complaint to be governed by the two-year limitation period of Ind.Code § 34–1–2–2(1), which period began to run on November 21, 1978, the day the release was executed. Consequently, the trial court entered summary judgment for Quinn on both counts of Whitehouse's complaint. All parties have agreed that the State and the contractor were joint tort-feasors with Vaccarello and the November 21, release

constituted a relinquishment of claims against the State and the contractor as well as Vacarello. Whitehouse contends Count II of his complaint is founded on an express written contract which is governed by the twenty year statute of limitations found in Ind.Code § 34–1–2–2(6). Quinn, to the contrary, claims the essence of Whitehouse's claim, ignoring pleading labels, is for a lost right to receive monies from defendants whom Quinn failed to sue pursuant to Quinn's representation of Whitehouse. Thus, Quinn argues Whitehouse's claim is barred by the two year statute of limitation governing losses of rights and interest in or to personal property. We agree with Quinn's reasoning and accordingly grant transfer and vacate the opinion of the Court of Appeals on this issue.

 However, we do agree with the holdings of the Court of Appeals that the statute of limitations applicable to Count I of Plaintiff's complaint was not tolled based on Whitehouse's rationale that Quinn's failure to advise Whitehouse of the legal effect of the release constituted fraudulent concealment of his cause of action against Quinn. Further, the issue raised by Quinn that Whitehouse waived all of his issues on appeal by failing to set forth verbatim errors assigned in the Motion to Correct Errors at an appropriate point in Whitehouse's brief did not amount to noncompliance with Ind.R.App.P. 8.3(A)(7) and was not fatal. We, therefore, adopt the Court of Appeals findings on these issues and incorporate them in this opinion.

The Court of Appeals held Defendants were not entitled to judgment as a matter of law on Count II, which sought relief for a lost chose in action and was pleaded as a breach of contract claim. The Court of Appeals held:

"Accordingly, in view of all the materials before the trial court, we conclude the second count of Whitehouse's complaint is predicated upon the non-performance of a promise contained in a written contract and thus is governed by the twenty-

year limitation period of I.C. § 34–1–2–2(6)."

*Whitehouse v. Quinn,* (1982) Ind.App., 443 N.E.2d 332, 337. The Court of Appeals' reliance on *Foulks v. Falls,* (1883) 91 Ind. 315, in deciding Whitehouse is misplaced and in direct contravention with principles set out in a line of cases following *Foulks,* culminating in a holding by this Court in *Shideler v. Dwyer,* (1981) 275 Ind. 270, 417 N.E.2d 281.

Ind.Code § 34–1–2–2 provides in pertinent part as follows:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterward:

(1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two (2) years....

(6) Upon contracts in writing other than those for the payment of money, and including all mortgages other than chattel mortgages, deeds of trust, judgments of courts of record and for the recovery of the possession of real estate, within ten (10) years. However, upon contracts in writing other than those for the payment of money entered into before September 1, 1982, not including chattel mortgages, deeds of trust, judgments of courts of record, or for the recovery of the possession of real estate, the action must be commenced within twenty (20) years."

*Foulks, supra,* involved an action brought against one who represented himself to be a lawyer for the alleged breach of a contract to collect on a note. The *Foulks* court concluded the twenty-year period for written contracts governed the action. In choosing the applicable statute of limitations, the court in *Foulks* stated:

"The action is based upon contract and not tort. *Staley v. Jameson,* [1874] 46 Ind. 159 (15 Am.R. 285); *Burns v. Barenfield,* [1882] 84 Ind. 43.... A failure in relation to any of these duties would constitute a breach of the contract, upon which an action might be predicated, and,

being thus predicated upon a violation of the written contract, it would not be barred by the six years' limitation."

*Id.* at 319, 321.

Thus, the *Foulks* court used Plaintiff's theory of recovery as the guidepost for choosing the applicable statute of limitations. That method was used by the two decisions cited by *Foulks, Staley* and *Burns;* however, both of those decisions relied upon by *Foulks* were limited, if not overruled, two years later when this Court decided *Boor v. Lowrey,* (1885) 103 Ind. 468, 3 N.E. 151. In *Boor,* this Court reviewed both the *Staley* and *Burns* decisions and stated:

"These were cases against surgeons for malpractice, and both turned upon the statute which requires actions for injuries to the person to be commenced within two years. In each it was held that the action was in the form *ex contractu,* and that the statute limiting the time for the commencement of actions for injury to the person did not apply.

What the particular damages were which were claimed as the subject of the actions, respectively, does not clearly appear from the statement of the complaint in either case. It must be assumed, however, that the actions were for the recovery of special damages, which had relation to property. They were not, therefore, actions to recover for injuries to the person. If they were, the conclusions reached can not be maintained."

*Id.* at 470–471, 3 N.E. 151.

Thus the *Boor* court held that the applicable statute of limitations should be ascertained by reference to the nature of the harm alleged rather than by reference to theories of recovery. In other words, the applicable statute of limitations is ascertained by identifying the nature or substance of the cause of action and not of the form of the pleadings. This was the analysis and holding of this Court in *Shideler v. Dwyer,* (1981) 275 Ind. 270, 417 N.E.2d 281. In *Shideler* the plaintiff's complaint contained five legal theories of recovery to support a legal malpractice action. These

theories were breach of contract, negligence, fraud, constructive fraud, and breach of a fiduciary duty. This Court specifically stated: "Such method of pleading, however, will not control the limitations period. *Id.* 417 N.E.2d at 285. We held in *Shideler* that the applicable statute of limitations is ascertained by identifying the nature or substance of the cause of action. In doing so we cited with approval *Luxurious Swimming Pools, Inc., v. Tepe,* (1978) 177 Ind.App. 384, 379 N.E.2d 992. In describing the *Tepe* decision, this Court stated in *Shideler:*

> "This Court rejected defendant's argument, [that the shorter UCC statute of limitations applied] because the substance of plaintiff's action was for damages caused by deficiencies in making improvements to real property, and was thus governed by the 10-year period of Ind.Code § 34-4-20-2 (1976):
>
> > '* * * [I]t is the existence of an injury to real property brought about by the specified deficiencies, *rather than the cause of action under which a recovery for such action is sought,* which governs the applicability of [this] statute [of limitations].'
>
> (Emphasis added). [*Tepe* ] 379 N.E.2d at 955 n. 2."

Thus, *Shideler* and *Tepe* specifically confirmed that for limitations purposes the substance of a cause of action is ascertained by an inquiry into the nature of the alleged harm and not be reference to theories of recovery advanced in the complaint. Under this analytical framework, we decided in *Shideler* the particular statutory provision dealing with injuries to personal property prevailed over all other sections of the statute that could conceivably govern Plaintiff's legal malpractice action.

■ Before ascertaining the applicable statute of limitations in this case, we must identify the substance of the cause of action by inquiring into the nature of the alleged harm. *Tepe, supra; Shideler, supra.* Whitehouse possessed a personal property interest in the form of a tort lawsuit against the State of Indiana. It was a personal injury claim which had not been reduced to judgment. The substance of Whitehouse's claim is damage to a personal property interest in the form of a tort law suit. Nowhere in the limitations statute under consideration does the word "tort" appear. The only manner in which the substance of the claim in this case could be evaluated is by reference to the underlying lawsuit against the State of Indiana. Quinn's conduct in permitting Whitehouse to sign the release, whether a breach of common law duty or a breach of contractual duty, resulted in injury to Whitehouse's personal property interest and in his action to recover damages for this injury. The existence of a written fee contract does not change the fact that Whitehouse's claim is for damage to a personal property interest. Therefore, it comes within the province of Ind.Code § 34-1-2-2(1), the statute section governing injuries to personal property. Further, this analysis happens to be consistent with the form of his pleadings since he did not attach a copy of the fee contract to the complaint and since he adopted the language of Count I into his claim in Count II.

If we followed Whitehouse's contentions and applied the 20-year statute, as did the Court of Appeals, then it would appear that all actions for injury to personal property or for personal injuries would be governed by the longer statute of limitations merely by reason of the fact that some contractual relationship could be alleged. Litigants, therefore, claiming injuries to person or property which arose from any relationship where the parties had contracted, expressly or impliedly, would be given a greatly extended period to bring their action. This would create an artificial distinction between actions for personal injury or personal property damage by non-contracting parties and those where some contractual relationship could be alleged. We do not see this to be an accurate interpretation of the provisions of the limitations statutes.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.