**Donald E. NICHOLS, Plaintiff–Appellant,**

v.

**KIRKPATRICK MANAGEMENT CO., INC. Managing Agent for Roxbury Arms Horizontal Property Regime Defendant–Appellee.**

No. 49A02–8803–CV–104.

Court of Appeals of Indiana, Third District.

April 19, 1989.

Ronald L. Baker, Indianapolis, for plaintiff-appellant.

John A. Young, John D. Cochran, Jr., Young, Cochran & Reese, Indianapolis, for defendant-appellee.

GARRARD, Presiding Judge.

Donald Nichols appeals a motion to dismiss granted to Kirkpatrick management Company, Inc. (Kirkpatrick). We affirm.

A leak in the roof of Nichols' Roxbury Arms condominium damaged his personal property sometime prior to February 17, 1985. On April 13, 1987, Nichols filed a complaint for property damage against Kirkpatrick, the managing agents for Roxbury Arms condominiums.

Kirkpatrick responded by filing a motion to dismiss because Nichols' claim was barred by IC 34–1–2–2(1), a two year statute of limitations for damage to personal property. Nichols subsequently filed an amended complaint for property damage resulting from a violation of a written con-

tract for which IC 34–1–2–2(6), a ten year statute of limitations, applies.

After briefing by both sides the trial court granted Kirkpatrick's motion to dismiss on the grounds that the present action is barred by a two year statute of limitations.

The only issue Nichols raises for our review is: Whether the trial court erred in granting Kirkpatrick's motion to dismiss.

Nichols argues that IC 34–1–2–2(6) [1], a ten year statute of limitations, is applicable in the present case. He claims that Kirkpatrick failed in its contractual duty to repair his roof. Nichols asserts that this duty arises from the by-laws of the Roxbury Arms condominiums. He explains that pursuant to IC 32–1–6–25 *et seq.*, the by-laws of condominium properties govern the rights of the parties involved with the force of a contract, once they are properly recorded. According to Nichols, under the by-laws of Roxbury Arms, Kirkpatrick has the duty to maintain the condominium roofs. Nichols claims that because Kirkpatrick failed to perform this contractual duty, Kirkpatrick is responsible for the damage to Nichols' personal property.

Nichols further argues that since the ten year statute of limitations is equally as applicable as the two year statute of limitations, IC 34–1–2–2(1) [2] the statute with the longest limitation period should apply.[3] *See Triangle Underwriters Inc. v. Honeywell, Inc.* (2d Cir.1979), 604 F.2d 737; *Union Bank of Switzerland v. H.S. Equities Inc.* (S.D.N.Y.1976), 423 F.Supp. 927; *Chicago and S.E. Railway Co. v. McEwain*

(1904), 35 Ind.App. 251, 71 N.E. 96; 511 Am.Jur.2d, *Limitations of Actions* § 63; 54 C.J.S., *Limitations of Actions* § 32.

However, as Kirkpatrick asserts, Nichols' argument presupposes a contract between the parties when no evidence of a contract exists. Therefore, since there is no contract Kirkpatrick argues, the only applicable statute of limitations is IC 34–1–2–2(1). We agree.

Kirkpatrick is the managing agent of Roxbury Arms condominiums. According to the Horizontal Property Regime and the by-laws of Roxbury Arms, the managers of the condominium are its board of managers. It is the managers' power to hire a managing agent to assist in performing the managers' duties. One of these duties is the maintenance and replacement of common areas such as Nichols' roof. The contractual duty to repair is the board of managers', not Kirkpatrick's.

Kirkpatrick is not a party to the by-laws and therefore is in no contractual relationship with Nichols. There is an agency relationship between Kirkpatrick and the Roxbury Arms board of managers. However, even in this agency capacity, Kirkpatrick cannot be held responsible, in the present case, for failing to repair Nichols' roof.

It has long been Indiana law that an agent cannot be held responsible for his nonfeasance, which is the claim in the instant case. As Nichols states, his claim is not based on the fact that Kirkpatrick directly damaged Nichols' roof, but rather that Kirkpatrick failed in its contractual duty to repair the damaged roof. We have

---

1.  IC 34–1–2–2(6) provides in pertinent part:

    (6) Upon contracts in writing other than those for the payment of money, and including all mortgages other than chattel mortgages, deeds of trust, judgments of courts of record and for the recovery of the possession of real estate, within ten (10) years.

2.  IC 34–1–2–2(1) states:

    (1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two (2) years.

3.  Assuming, *arguendo,* there is a choice of statutes of limitation in the present case, Nichols' statement of Indiana law is overly simplistic. The Indiana Supreme Court has held in cases of

legal malpractice where, as in the instant case, both IC 34–1–2–2(1), the two year statute of limitations for damage to personal property, and IC 34–1–2–2(6), the ten year statute of limitations for damage based on a contract, could arguably apply, the shorter two year statute prevailed. The court in *Whitehouse v. Quinn* (1985), Ind., 477 N.E.2d 270 held that to determine the proper statute of limitations it is necessary to identify the substance of the cause of action by inquiring into the nature of the alleged harm and not by merely examining the theories of recovery advanced in the complaint. The same analysis would necessarily apply in the instant case.

held that no cause of action exists against an agent under these circumstances. In *Dean v. Brock* (1894), 11 Ind.App. 507, 509, 38 N.E. 829 we stated:

> [W]here a duty rests on the principal and not on the agent, its nonperformance by the latter creates no liability against him, if injury results. True he may owe a duty to the principal to faithfully discharge his duties as agent, but he owes no duty to others except that in the performance of those duties he shall not do anything which will cause injury to them. If the agent fails to perform a duty which he owes to the principal, and by reason of such nonperformance or neglect of duty a third person sustains injury, no action can be maintained against the agent by such third person on account thereof. Mechen Agency, section 539; Bishop Noncontract Law, section 695; *Crandall v. Loomis*, 56 Vt. 664; 1 Am. and Eng.Encyc. of Law, 406, and cases cited.

Because no contract existed between Nichols and Kirkpatrick, the ten year statute of limitations, IC 34–1–2–2(6), is not applicable. Therefore, the trial court did not err when it granted Kirkpatrick's motion to dismiss based on IC 34–1–2–2(1), the two year statute of limitations.

STATON and ROBERTSON, JJ., concur.