KLINEMAN, ROSE AND WOLF, P.C., f/k/a Klineman, Rose, Wolf and Wallack, P.C., Donald Russell, Robert A. Rose and Howard D. Keys, Appellants–Defendants,

v.

NORTH AMERICAN LABORATORY COMPANY, Appellee–Plaintiff.

No. 49A05–9504–CV–129.

Court of Appeals of Indiana.

Nov. 8, 1995.

Charleyne L. Gabriel, John M. Mead, Klineman, Rose and Wolf, Indianapolis, for Appellants.

Jon R. Pactor, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

This is a permissive appeal following the denial of a motion for summary judgment in favor of Plaintiff–Appellee North American Laboratory Company (hereinafter referred to as "North American"). Defendants–Appellants Klineman, Rose and Wolf, P.C., f/k/a Klineman, Rose, Wolf and Wallack, P.C., Donald Russell, Robert A. Rose, and Howard D. Keys (hereinafter collectively referred to as "Klineman Rose") petitioned for this appeal pursuant to Ind.Appellate Rule 4(B)(6) and the trial court certified the following question for our review:

Whether the applicable statute of limitations for this cause is found in subsection (1) or (6) of Ind.Code 34–1–2–2 (1993).[1]

---

1. In its Appellee Brief, North American raises an additional issue regarding the trial court's alleged misapplication of the discovery rule applicable to legal malpractice; however, an order denying a motion for summary judgment is not an appealable interlocutory order, absent a certified question from the trial court. *Pitts v. Wooldridge* (1974), 161 Ind.App. 404, 407, 315 N.E.2d 736, 738. "An appeal from an interlocutory order lies only when expressly authorized, and the authorization is to be strictly construed. Any attempt to perfect such an appeal where there is no authorization warrants a dismissal." *Anthrop v. Tippecanoe School Corp.* (1972), 257 Ind. 578, 581, 277 N.E.2d 169, 171. Thus, we dismiss the additional issue raised by North American. *See also Seaton–SSK Engineering v. Forbes* (1994), Ind.App., 639 N.E.2d 1048.

## FACTS

Klineman, Rose, Wolf and Wallack, P.C. is a professional corporation engaged in the practice of law. Donald Russell, Robert A. Rose, and Howard D. Keys were attorneys with Klineman, Rose, Wolf and Wallack, P.C. at all times relevant to this action.

In 1985, North American engaged Klineman Rose to render legal services in connection with North American's purchase of the assets of the North American Laboratory Company, Inc., which was owned by Hormoz Broumand. The transaction included an asset purchase agreement, an employment agreement between North American and Broumand, a memorandum of agreement between North American and Broumand, as well as other closing documents. The transaction was consummated on August 26, 1985.

On October 10, 1990, Broumand filed a complaint against North American, alleging breach of the employment agreement and seeking declaratory relief and damages. The trial court upheld North American's construction of the employment agreement; however, on January 28, 1993, this court reversed the trial court's decision, remanding the cause to the trial court with instructions to enter summary judgment in Broumand's favor. See *Broumand v. North American Laboratory,* No. 41A01–9205–CV–157, 607 N.E.2d 733. (Ind.App. Jan. 28, 1993).

On January 29, 1993, North American filed the present action in legal malpractice against Klineman Rose, alleging that the firm negligently drafted the employment agreement. Klineman Rose filed a motion for summary judgment on November 1, 1994, contending that North American was barred by the two-year statute of limitations found in I.C. 4–1–2–2(1). The trial court denied the motion finding, in part:

> In determining the applicable statute of limitations, the Court is guided by the case of *Whitehouse v. Quinn* [ (1985), Ind.,] 477 N.E.2d 270, wherein the Supreme Court of Indiana stated "... Plaintiff's theory of recovery (must be used) as the guidepost for choosing the applicable statute of limitations." In the case at bar, the Plaintiffs' [sic] alleged lost legal right was to have its protectible business interests preserved by the enforcement of the covenant not to compete. Its theory of recovery would be breach of contract against Mr. Broumand. Therefore, the case before the bar would be ten (10) years. I.C. 34–1–2–2(6).

(R. at 142).

## DISCUSSION

The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. *Kerr v. Carlos* (1991), Ind.App., 582 N.E.2d 860, 862. It is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C); *Moore v. Sitzmark* (1990), Ind. App., 555 N.E.2d 1305, 1307. On appeal from an order denying summary judgment, the reviewing court faces the same issues as those presented to the trial court and must analyze the dispute in the same way. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190; *Northern Indiana Public Serv. v. Sell* (1992), Ind.App., 597 N.E.2d 329, 330, *trans. denied.* The burden of persuasion falls upon the party who lost in the trial court. *Oelling,* 593 N.E.2d at 190.

The prevalent view of Indiana courts has been that legal malpractice actions must be brought within two years after accrual of the cause of action. I.C. 34–1–2–2(1); *Diaz v. Carpenter* (1995), Ind.App., 650 N.E.2d 688, 691; *Keystone Distrib. Park v. Kennerk, Dumas, Burke, Backs, Long, and Salin* (1984), Ind.App., 461 N.E.2d 749. This general rule usually harmonizes with the principle that it is the nature or substance of an action, rather than its form, that will determine the applicability of the statute of limitations. *Shideler v. Dwyer* (1981), 275 Ind. 270, 278, 417 N.E.2d 281, 286; *Chapman v. Grimm & Grimm, P.C.* (1994), Ind.App., 638 N.E.2d 462, 466. However, the two-year statute of limitation for legal malpractice found in *Shideler* has been attacked regarding whether the suitability of some other statute, arguably applicable to the alleged facts, controls the action. *See, e.g., Rice v. Strunk* (1994), Ind.App., 632 N.E.2d 1151, *reh'g denied; Keystone Distrib. Park,* 461 N.E.2d at 749; *see also, Sanders v. Townsend* (1991), Ind., 582 N.E.2d 355, 358 (an

attorney may be held liable for actual fraud committed within the context of attorney-client relationship); *Seevers v. Arkenberg* (1989), S.D.Ind., 726 F.Supp. 1159 (six-year fraud statute of limitations rather than two-year limitation period for legal malpractice applied).

 In the present case, the trial court relied on *Whitehouse*, 477 N.E.2d 270, finding the applicable statute of limitations was ten years because North American's allegedly "lost legal right was to have its protectible business interests preserved by the enforcement of the covenant not to compete. Its theory of recovery would be breach of contract against Mr. Broumand." Although this follows the analysis found in *Whitehouse*, we do not agree with trial court's reasoning.

A better analysis of this issue was elucidated in *Shideler*, in which the plaintiff sought damages against an attorney for negligently drafting a will. The action was brought against the attorney alleging that she was liable under theories of breach of contract, negligence, fraud, constructive fraud, and breach of fiduciary duty. Our supreme court found that "[w]ith respect to the Complaint herein, the number and variety of Plaintiff's technical pleading labels and theories of recovery cannot disguise the obvious fact—apparent even to a layman—that this is a malpractice case, and hence is governed by the statute of limitations applicable to such actions." *Id.* at 278, 417 N.E.2d at 286. It is the substance of the cause of action, rather than the form, which determines the applicability of the statute of limitations. *Id.* at 278, 417 N.E.2d at 285; *Rice*, 632 N.E.2d at 1153.

The substance of the cause of action at bar is a claim of legal malpractice and the theory of recovery is the negligent drafting of closing documents. Thus, the appropriate statute of limitations is found in I.C. 34-1-2-2(1), subject to a correct application of the discovery rule. *See Madlem v. Arko* (1992), Ind., 592 N.E.2d 686, 687; *see also Keesling v. Baker & Daniels* (1991), Ind.App., 571 N.E.2d 562, 565, *trans. denied* (the applicable statute of limitations for attorney malpractice is two years); *Basinger v. Sullivan* (1989), Ind.App., 540 N.E.2d 91, 92 (applicable statute of limitation for malpractice against an attorney is governed by IC 34-1-2-2(1)); *Nichols v. Kirkpatrick Management Co.*

(1989), Ind.App., 536 N.E.2d 565, 566 n. 3. (in cases of legal malpractice in which both I.C. 34-1-2-2(1), two-year statute of limitations for damage to personal property, and I.C. 34-1-2-2(6), ten-year statute of limitations for damage based on a contract, could arguably apply, shorter two-year statute prevailed.)

Summary judgment is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.

DARDEN and ROBERTSON, JJ., concur.