Carl C. RAQUET, L.S., individually, and d/b/a Raquet Surveys, Appellant–Defendant,

v.

Brian M. THOMPSON and Jeanne D. Thompson, Appellees–Plaintiffs.

No. 34A04–9704–CV–134.

Court of Appeals of Indiana.

April 15, 1998.

William C. Menges, Jr., Kokomo, for Appellant–Defendant.

M. Elizabeth Bemis, Ruckleshaus, Roland, Hasbrook & O'Connor, Indianapolis, for Appellees–Plaintiffs.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Carl C. Raquet, L.S., individually and doing business as Raquet Surveys (Raquet) appeals the trial court's judgment in favor of Jeanne D. and Brian M. Thompson (Thompsons).

We reverse with instructions to dismiss.

### ISSUES

Raquet raises three issues for our review. We find the following dispositive: whether the Thompsons' claim was barred by the applicable statute of limitations.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment follow. In the fall of 1986, the Thompsons entered into an agreement to purchase a house located in Kokomo (real estate). Their lender required that the property be surveyed. In late August or early September an oral contract was entered into with Raquet by the Thompsons or their real estate agent; for a fee, Raquet was to conduct a mortgage survey of the real estate and to determine whether it was located in a flood plain. On September 11, 1986, Raquet delivered to the attorney representing the lender a survey including a certificate indicating that the real estate was not in a flood plain when, in fact, the real estate was located in a

flood plain.[1] The Thompsons closed on the purchase of the property on September 24, 1986, and Raquet was paid for his services. On December 31, 1990, and January 1, 1991, the real estate was damaged by flood.

The Thompsons filed their complaint alleging breach of contract against Raquet on October 6, 1993. A bench trial was held on October 4, 1996, and the court entered judgment for the Thompsons. Additional facts will be provided as needed.

### DISCUSSION AND DECISION
#### Standard of Review

■ Due to the fact that the trial court entered findings of fact and conclusions of law along with its judgment, the applicable standard of review is found in Ind.Trial Rule 52(A). "On appeal of claims tried by the court without a jury ... the court on appeal shall not set aside the findings or judgment unless clearly erroneous...." T.R. 52(A). In reviewing such a judgment, we must first determine whether the evidence supports the findings, and then whether the findings support the judgment. *Hvidston v. Eastridge,* 591 N.E.2d 566, 568 (Ind.Ct.App.1992); *Gunderson v. Rondinelli,* 677 N.E.2d 601, 603 (Ind.Ct.App.1997). "To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility." *Hvidston,* 591 N.E.2d at 568; *see Gunderson,* 677 N.E.2d at 603.

#### Statute of Limitations

■ Raquet contends that the Thompsons' action is time barred. He argues that the court applied the wrong statute of limitations, and alternatively, that the court applied the wrong date of accrual for the cause of action. The trial court applied Ind.Code 34–1–2–1 which provides a six year limitation of action for contracts not in writing. "The following actions shall be commenced within six (6) years after the cause of action has accrued, and not afterwards. First. On accounts and contracts not in writing." Ind.

---

1. Raquet alleges that he discovered his error and delivered the correct information the next day.

Code 34–1–2–1. Raquet argues that a two year limitation of action is applicable pursuant to Ind.Code 34–1–2–2(1) which states: "[t]he following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards: (1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within (2) years." Ind.Code 34–1–2–2(1).

Raquet points out that we do recognize surveyors as professionals who can be liable in tort if they fail to exercise reasonable care in the fulfillment of their contractual duties. *Estate of Reasor v. Putnam County,* 635 N.E.2d 153, 161 (Ind.1994), *reh'g denied.* "[O]ne who contracts to perform services may commit both a breach of contract and the tort of negligence when he negligently fails to perform in a workman like manner." *Essex v. Ryan,* 446 N.E.2d 368, 371 (Ind.Ct. App.1983). Raquet argues that the action is actually one for injuries to personal property, instead of for breach of contract, bringing it under Ind.Code 34–1–2–2(1). This action was brought as a breach of contract, not as a tort. (R. 6). However, "it is the nature or substance of an action, rather than its form, that will determine the applicability of the statute of limitations." *Klineman, Rose and Wolf, P.C. v. North American Lab. Co.,* 656 N.E.2d 1206, 1207 (Ind.Ct.App.1995), *trans. denied; Whitehouse v. Quinn,* 477 N.E.2d 270, 274 (Ind.1985).

In *Whitehouse,* our supreme court discussed a breach of contractual duty versus a breach of common law duty and held that regardless of the existence of a written contract, the breach of duty caused damage to a personal property interest and that, therefore, the cause came under the province of Ind.Code 34–1–2–2(1). 477 N.E.2d at 274. Furthermore, in *Shideler v. Dwyer,* our supreme court quoted from a California case which stated "if the cause of action arises from a breach of a promise set forth in the contract, the action is ex contractu, but if it arises from a breach of duty growing out of the contract it is ex delicto." 275 Ind. 270, 417 N.E.2d 281, 285 (1981) (quoting *Eads v. Marks,* (1952) 39 Cal.2d 807, 811, 249 P.2d 257).

Here, the breach arose from the duty Raquet undertook to determine whether the real estate was located in a flood plain. The duty to be accurate comes from the existence of the contract; it is not a promise within the contract. Raquet's error on the survey is akin to professional malpractice. He did provide the Thompsons with the survey they hired him to conduct; however, he preformed his duty negligently, and this is what caused the damage to the Thompsons' property.

As stated above, surveyors are considered professionals who can be held responsible for negligence in providing services. *Estate of Reasor,* 635 N.E.2d at 161. This action is in reality a request for damages suffered as a result of Raquet's negligent performance, which caused injury to the Thompsons' personal property. Therefore, Ind.Code 34–1–2–2(1) is the applicable statute of limitations. *See Craig v. ERA Mark Five Realtors,* 509 N.E.2d 1144 (Ind.Ct.App. 1987) (holding Ind.Code 34–1–2–2(1) applies when action is based on Realtor's negligence like in attorney malpractice suits); *Lakeside, Inc. v. DeMetz,* 621 N.E.2d 1149 (Ind.Ct.App. 1993) (holding two year statute of limitation applicable for real estate broker malpractice for failure to order termite inspection); *Butler v. Williams,* 527 N.E.2d 231, 233 (Ind.Ct. App.1988) (holding insurance agent subject to two year statute of limitations for malpractice rather than time period for breach of contract when insurer failed to recommend a particular type of insurance coverage for client).

### CONCLUSION

The trial court erred in applying the six year statute of limitations period for breach of an oral contract. Ind.Code 34–1–2–2(1) is the applicable statute providing for a two year limitation on actions. The Thompsons filed their complaint more than two years after the date of accrual for the statute, and therefore, it is time barred.

Reversed with instructions to dismiss cause of action.

BAKER and NAJAM, JJ., concur.