RILEY, Judge,
dissenting.
I respectfully disagree with the majority’s reasoning to affirm the trial court’s “conclusion that the ten-year limitation period of Indiana Code [sjection 34-11-2-11 applies” rather than the six-year statute of limitation of I.C. § 34-11-2-9, which is imposed on written, contracts for the payment of money. Op. p. 822.
Statutes of limitation seek to provide security against stale claims, which in turn promotes judicial efficiency and advances the peace and welfare of society. Imbody v. Fifth Third Bank, 12 N.E.3d 943, 945 (Ind.Ct.App.2014). When determining the applicable statute of limitation, this court looks to the substance of the cause of action rather than the form in which it was pleaded. Klineman, Rose & Wolf, P.C. v. North Am. Lab. Co., 656 N.E.2d 1206, 1207 (Ind.Ct.App.1995), trans. denied. The substance is ascertained through inquiry into the nature of the alleged harm and not by reference to the theories of recovery contained in the complaint. Whitehouse v. Quinn, 477 N.E.2d 270, 274 (Ind.1985).
The alleged source of Van Petten’s damages is Folkening’s breach of the Agreement, in which Folkening agreed to pay $175,000.00 in exchange for Van Petten’s ten percent ownership in DSL.com. Although the origin of the Agreement is derived from a 2002 real estate purchase during which Folkening transferred the ownership to Van Petten, this real estate agreement forms neither the current basis of Van Petten’s action nor is it incorporated therein. I find that beyond the payment of money, Van Petten does not allege that any other obligation or duty was owed to her.
In order to lift the Agreement outside the realm of I.C. § 34-11-2-9 and into the purview of the ten-year statute of limitation, the majority, focuses on the inclusion into the Agreement of, among other things, a termination of employment clause, a release of liability and hold harmless clause, and a non-disparagement of the parties. However, not only did Van Petten’s testimony reveal that she had already ceased performing any services for Appellants prior to BuyTelco expressing an interest in purchasing DSL.com, Van Petten’s consulting contract itself was not the foundation of the lawsuit. Furthermore, the release of liability and hold harmless clause, as well as the non-disparagement language, are standard clauses included in most business transactions and do not convey any special characteristics of “substance” to the Agreement. See Klineman, Rose & Wolf, P.C., 656 N.E.2d at 1207.
Additionally, the majority focuses on ‘Van Petten’s claim for the conveyance of the deed” to reject the six-year statute of limitation. Op. p. 822. A strict reading of the Agreement reveals that the conveyance of the deed is not- an alleged harm, *824 but rather a contractually prescribed remedy in the event Folkening failed to “pay off and satisfy the entire balance of the mortgage!.]’’ (Appellants’ App. p. 42) (emphasis added). Therefore, I conclude that Van Petten’s claim is based solely and entirely on Folkening’s breach of his obligations to pay money.
The payment of money became due on August 4, 2004, at which date the cause of action accrued. Because Van Petten did not file her Complaint until October 15, 2010, more than six years after the accrual of the cause of action, I conclude that Van Petten’s action is time-barred pursuant to I.C. § 34-11-2-9, which is applicable to written contracts for the payment of money. I would reverse the trial court’s judgment as it erroneously characterized the Agreement falling within the purview of I.C. § 34-11-2-11.